BÁEZ ET AL., RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de San Germán, denegatoria de la inscripción de una agrupación de fincas.

No. 481.—Resuelto en febrero 4, 1921.

AGRUPACIÓN DE FINCAS COLINDANTES — INSCRIPCIÓN PREVIA DE AGRUPACIÓN A NOMBRE DEL CAUSANTE.—No es contrario a los fines del No. 4 del artículo 61 del Reglamento Hipotecario, el inscribir previamente la agrupación de varias fincas colindantes a nombre del causante de una herencia a favor del cual aparecen inscritas, cuando así lo piden todos los herederos en documento inscribible del cual resulta que los peticionarios son dueños en común proindiviso de tales fincas.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. B. Forés.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Concepción Báez Ortiz y sus hijos Concepción, Dolores, Rosa María, Carmen y Agueda Guzmán Báez, la primera como viuda y las restantes como hijas y únicas herederas de Francisco Guzmán Ledesma, otorgaron escritura de inventario, avalúo, liquidación, división y adjudicación de bienes hereditarios, haciendo constar que a los fines de la división material agrupaban varias fincas colindantes. Junto con este título presentaron al registrador un acta notarial aclaratoria, otorgada por las mismas partes, interesando que la agrupación contenida en la escritura particional se entendiera hecha a favor del causante de las otorgantes, a nombre del cual aparecían inscritas separadamente dichas fincas.

El registrador denegó la inscripción por entender que de acuerdo con el No. 4 del artículo 61 del Reglamento Hipotecario, es necesario que los herederos inscriban previamente a su favor el derecho de condominio en común *pro-indiviso* que tienen en las distintas fincas que pretenden agrupar para formar una sola, porque siendo dichas herederas las interesadas en la inscripción de la agrupación y no su causante, es a ellas a quienes incumbe la solicitud de que se practique previamente a su favor la inscripción de las fincas que forman la agrupación, ora pidiendo la inscripción de la agrupación a su favor, ora al de su causante. Opina además el registrador que de hacerse la inscripción como la pretenden las herederas, el Pueblo de Puerto Rico devengaría menos derechos que verificándola como entiende dicho funcionario que procede. Sin embargo, como tal cuestión no ha sido levantada por el registrador como un motivo formal para sostener la denegación, nos abstenemos de considerarla.

El inciso 4 del artículo 61 del Reglamento Hipotecario autoriza como requisito para que la agrupación pueda hacerse, que las fincas colindantes pertenezcan a un mismo dueño, o "a varios *pro-indiviso*." El hecho de que los recurrentes fueran todos los herederos del que tenía título ins-

crito resultó claro de la escritura presentada en este caso
para su inscripción. Ellos eran por consiguiente los dueños
*pro-indiviso.* Cualquier escritura, declaración o sentencia
presentada al registro en la cual resulte claro el hecho de
la herencia de varias personas, sustituye a los herederos
por su causante. Una declaratoria de herederos es la forma
corriente. Dicho esto, es claro que las herederas recurrentes
eran dueñas *pro-indiviso* con derecho a la agrupación que
determina dicho inciso 4 del artículo 61.

Los recurrentes es verdad solicitaron que la inscripción
se hiciera a nombre de su causante y contra esa solicitud no
opone el registrador otra razón que la de estimar necesario
se haga previamente la inscripción a favor de los herederos
de las fincas que se proponen agrupar. No estamos confor-
mes con esa razón pues el causante tenía derecho a verificar
y a inscribir a su favor la agrupación, y como los herederos
son continuadores de su personalidad según el artículo 669
del Código Civil debe reconocérseles igual derecho de agru-
par e inscribir la agrupación a favor del causante. El de-
recho del causante no era un derecho personalísimo sino
transmisible a sus herederos y éstos están interesados en que
el derecho de su causante se lleve a efecto, para tomar la
agrupación como base o supuesto de sus respectivas hijuelas
e inscribirlas en el registro.

Pidieron los recurrentes optar por inscribir a su favor
en común *pro-indiviso* las fincas que habían de agruparse
para luego verificar la agrupación e inscribirla a su nombre;
pero ellos han optado por hacer la agrupación e inscribirla
en el registro a favor del causante a cuyo favor estaban ins-
critas las fincas mismas y al hacerlo así no han lastimado
derecho de persona alguna ni ido contra el funcionamiento
interno del registro.

El registrador invoca en apoyo de su negativa la juris-
prudencia sentada en los casos *Merly et al.* v. *El Registra-
dor,* 22 D. P. R. 417; *Muñoz* v. *El Registrador,* 25 D. P.

R. 842, y *Berríos* v. *El Registrador,* 27 D. P. R. 900, ninguno de los cuales es aplicable a este caso; el primero, porque los herederos trataron de inscribir directamente a su nombre las fincas agrupadas que habían sido inscritas separadamente a nombre de distintas personas; el segundo, porque allí se trataba de inscribir una agrupación de fincas que pertenecían a distintas entidades jurídicas; y el tercero, porque un viudo pretendía únicamente inscribir las fincas agrupadas que había adquirido en su matrimonio, sin demostrar que él era el único heredero de su esposa o que las fincas agrupadas habían sido adjudicadas a él en procedimientos de partición de herencia.

La nota recurrida debe ser revocada debiendo verificarse la inscripción como fué solicitada.

> *Revocada la nota y que se verifique la inscripción.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.